ROCHFORT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   April 12, 1900.)

ATTORNEY AND CLIENT—LIEN OF ATTORNEY—ENFORCEMENT AS AGAINST A DE-
    FENDANT—PRACTICE.
      The practice of enforcing an attorney's lien for his compensation, given
    by Code Civ. Proc. § 66, as against a defendant, who has settled with his
    client without his knowledge, by action, and not by motion, is not affected
    by the amendment of 1899, providing that the court, "on petition of the
    client or attorney, may determine and enforce the lien," as the amend-
    ment does not, in terms, relate to a defendant, but merely aims to formu-
    late a practice applicable as between an attorney and his client.

Appeal from special term, New York county.

Action by Robert Rochfort against the Metropolitan Street-Rail-
way Company for personal injuries.   From an order directing de-
fendant to pay money in satisfaction of the lien of plaintiff's attorney,
made on the latter's motion, defendant appeals.   Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Alfred C. Cowan, for respondent.

O'BRIEN, J.   This proceeding was initiated by service on defend-
ant of a petition and notice of motion, and was brought on for a hear-
ing upon the pleadings and such petition.   The action was brought
to recover damages for personal injuries, due, as alleged, to defend-
ant's negligence; and the petition shows that, by agreement between
the plaintiff and his attorney, the latter was to be paid a contingent
fee of one-half of the amount recovered; that the defendant settled
with the plaintiff by paying him $260, without the knowledge of
the attorney; and that the plaintiff is irresponsible.   The defendant
submitted no papers in opposition, but objected to the payment of
any amount on such summary application.   The learned judge at
special term made an order that the defendant pay to the attorney
$130, which is one-half of the amount stated to have been received
by the plaintiff in settlement, and from the order directing such pay-
ment this appeal is taken.

Section 66 of the Code of Civil Procedure relates to an attor-
ney's compensation, and provides that he shall have a lien upon his
client's cause of action, which shall attach "to a verdict, report, de-
cision, judgment or final order in his client's favor and the proceeds
thereof in whosesoever hands they may come"; the "lien not to be
affected by any settlement between the parties."   In 1899 this sec-
tion was amended by adding the following:   "The court upon the
petition of the client or attorney may determine and enforce the
lien."   The question presented, therefore, is one of practice, whether,
as against a defendant who settles with a plaintiff without the knowl-
edge of his attorney, the latter can, in a summary way by petition,
have the amount of his lien determined, or whether he must proceed
to enforce it in or by an action.   Prior to the amendment of 1899

to section 66 of the Code, it is clear, from a review of the authorities, that the lien of an attorney, after a settlement by the client, could be enforced in the original action or by a separate action brought for that purpose, but not in a summary way, by petition or motion. In Pilkerton v. Railroad Co. (Sup.; not yet officially reported) 63 N. Y. Supp. 211, wherein application was made upon affidavits for an order requiring the defendant to show cause why the amount of the attorney's lien should not be fixed, and the defendant directed to pay the same, it appeared that a settlement was made for $2,600, a release given, and an agreement which provided that the defendant should "adjust any claim for costs or for any lien upon the cause of action which the said attorneys may be able lawfully to establish"; and the court, stating the conclusion at which it has arrived, said:

"The plaintiff's attorneys are fully protected. They have their claim against their client, who has a fund of $2,600 on which they have a lien for their compensation; and, in addition, they have the defendant's written agreement, made for a valuable consideration, binding it to pay and discharge this claim and lien which is enforceable by action. Or they have the undoubted right, supported by numerous and uniform decisions, to proceed to judgment in this action for the protection and enforcement of their lien, either by default, in case no answer has been served, or in the usual way, if the action is at issue. Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849."

The order entered directing payment was accordingly modified by reducing the amount, and by providing that, unless the sum so fixed was paid within a certain time, the plaintiff's attorneys have leave to continue the action for the enforcement and collection of their lien. It will be seen that the court did not decide directly the question as to the proper practice, but undertook, upon the facts before it, to adjust the rights of the parties by suggesting what would be a proper sum for the defendant to pay, and, in lieu of such payment within the time fixed, granted leave to the attorneys to continue the action for the enforcement and collection of their lien. So far as it bears upon the question we are considering, the decision is an intimation and a strong argument in support of the contention that an order obtained upon such a summary application is not to be enforced, it being left optional with the defendant whether to pay the amount or defend the action which the attorneys were given leave to prosecute for the enforcement of their lien. Thus, in the opinion referring to the amendment of 1899 to section 66 of the Code of Civil Procedure, it was said:

"Among other amendments relating to the lien of attorneys, this sentence has been added: 'The court upon petition of the client or attorney may determine and enforce the lien.' It is not necessary now to consider and decide the full scope and purport of this section, nor how far it may have extended the power of the court to apply summary remedies in aid or settlement of the dealings and transactions between the attorney and client. It is sufficient to say that it does not confer power to determine and enforce a stipulation in the action not between attorney and client, although relating to the former's lien. In Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627, the court of appeals held that where a judgment was satisfied by the client for less than its amount, without the knowledge of his attorney, and without provision for his payment, the court might set aside the satisfaction as against the attorney's claim, but had no power by order to determine the amount of compensation due the at-

torney. * * * In this case the attempt is to enforce payment of an at-
torney's claim against one who is not his client, but who has assumed the
client's obligations, and the party so sought to be charged is entitled to assert
any defenses he may have in the usual form, and in the usual forum, and even
to assert that he has actually made payment in accordance with the terms of
his obligation, and to have the issues tried by jury."

The logical deduction from Pilkerton v. Railroad Co., as to the
proper practice, is that an attorney's lien, as against a defendant
not his client, must be enforced by action, and not by motion. In
Re Opening of Lexington Ave., 30 App. Div. 602, 52 N. Y. Supp. 203,
affirmed in 157 N. Y. 678, 51 N. E. 1092, without opinion, it was
held, as correctly stated in the headnote, that:

"An attorney who has rendered services to an owner of property taken in
a proceeding for the opening of an avenue in the city of New York, in ob-
taining an award for the lands so taken, is not entitled to have his claim for
compensation, under an agreement with the owner, * * * determined up-
on a summary application by a petition entitled in the street opening proceed-
ings; * * * the payment may be enforced by action."

That being a special proceeding, it was therein held that section
66 of the Code, which relates to actions, did not apply; but that
case is authority for the proposition that in a special proceeding the
remedy of an attorney to enforce his lien is by action, although in-
stances are cited where the court, on application of the client, has
proceeded in a summary way to determine the compensation due to
an attorney for services rendered.

These and many other cases that might be referred to are authori-
ties for the statement that, prior to the amendment of 1899,—ex-
cept in special instances, such as where there is a fund in court,—
the lien of an attorney is to be determined, and its payment enforced,
not in a summary way, on motion or petition, but in the usual way,
by an action, legal or equitable. It follows that the practice thus
sanctioned is not to be departed from unless expressly changed by
the addition made to section 66 of the Code by the amendment of
1899. The language of the amendment would seemingly confine it
to the adjustment of differences between the plaintiff and his at-
torney, and, as urged by the appellant, enable the court, on peti-
tion, to administer a fund in possession of the court so that an at-
torney would be protected; to prevent the satisfaction of a judg-
ment to his prejudice; or to set aside the satisfaction of a judgment,
so as to permit the attorney, if needful, to enforce his lien. There
is nothing in the language of the amendment that in terms applies
to a defendant, or that takes away from him the right to have his
day in court upon the question of his liability and the extent thereof.
Whether the legislature has power to take away the right to litigate
in the usual way and in the ordinary forum the defendant's liability
and its amount involves a serious constitutional question, which we
are not called upon to determine, having reached the conclusion
that the language of the amendment of 1899 does not relate to a
defendant, but merely aims at formulating a practice which, as be-
tween the plaintiff and his attorney, will enable the latter's lien to be
determined or enforced by petition and order instead of by action.

The order accordingly should be modified, without costs, by direct-

ing that the defendant should pay the $130 within 20 days, or in default thereof leave should be given the attorney to prosecute the action to enforce his lien. All concur.