(34 Misc. Rep. 617.)

### FENWICK v. MITCHELL et al.

(Supreme Court, Special Term, Kings County. April, 1901.)

1. ATTORNEY'S LIEN—SETTLEMENT BY PARTIES.

   Where the parties to an action settle it out of court in good faith, but without the consent of the attorney of plaintiff, the statutory lien of the attorney on the cause of action is transferred to the amount agreed upon in settlement, and may be enforced by suit in equity.

2. SAME—NOTICE.

   As Code Civ. Proc. § 66, as amended in 1879, gives an attorney for a party a lien on the cause of action, which cannot be affected by any settlement between the parties, it is unnecessary that the attorney for plaintiff give defendant a notice of the lien.

3. SAME.

   Where an action is settled by the parties without the consent of plaintiff's attorney, defendant, by paying over to the plaintiff the sum agreed upon, cannot defeat the right of plaintiff's attorney to enforce his lien.

4. SAME—ENFORCEMENT—JURY TRIAL.

   In a suit in equity to enforce an attorney's lien, defendant is not entitled to a jury trial.

Action by F. B. Fenwick against William F. Mitchell and the Metropolitan Street-Railway Company to enforce an attorney's lien. Judgment for plaintiff.

F. Bell Fenwick, in pro. per.

Henry Melville, for defendant.

GAYNOR, J. The plaintiff, an attorney and counsellor at law, brought an action for damages for the individual defendant against the corporation defendant for personal injuries caused by the negligence of the latter to the former. Issue was joined by the service of an answer, and the day before the cause was reached for trial the parties came together and settled the action without the consent of the plaintiff's attorney, for the sum of $450, which the defendant therein paid to the plaintiff therein, taking from him a general release. The said plaintiff thereupon spent the money, and he is without property and insolvent. The plaintiff here was not paid for his services. He had an agreement with his client that he should receive therefor one-third of any sum realized in the action by recovery or settlement.

The plaintiff now brings this suit in equity to enforce his lien on the amount for which the cause of action was settled.

He is met at the threshold with the objection by the defendant corporation that such a suit does not lie, but that he must apply to the court for leave to continue the action for damages on his own account.

Why does it not lie? While it is true that the court could on a finding that the settlement was fraudulent as against the plaintiff, i. e., for the purpose of defrauding him of his compensation, permit him to go on with his client's action on his own account if he should apply for leave to do so, the answer is that he does not apply for such leave, but on the contrary admits the settlement to have been an honest and genuine one, as it was, and brings this

suit to enforce his lien out of the amount agreed upon in settlement.
That the court has power to permit an attorney on his application
to continue his client's action for his own benefit to enforce his lien,
when a fraudulent settlement against him has been made by the
parties, does not in any way argue that he has not a right to bring
a suit to foreclose his lien upon a settlement. I find no decision that
such a suit may not be brought, and I know of no principle on which
an attorney may not enforce his lien by suit the same as any other
lienor may do.

It would be strange indeed to say that he may not. If the
defendant company still had the money, no one would dispute that
the plaintiff could maintain a suit to get his share of it. And is it
to be said that by paying the money to the client, in disregard of the
plaintiff's lien, the company can escape such a suit? On the con-
trary, it paid the money in its own wrong, and cannot thereby pre-
vent the suit, any more than any other holder of a fund can do
the like.

It seems to me that the contrary notion of the learned counsel
for the defendant grows out of a misunderstanding. Under the
common law in England and here the attorney had no lien on the
cause of action, but only on the judgment, and then for his costs
only, which were regulated by the fee bill and had to be taxed.
If the parties collusively settled the action before judgment, for
the fraudulent purpose of preventing the plaintiff's attorney from
getting a lien for his costs by means of a judgment, and of thereby
cheating him out of his costs, and the plaintiff was irresponsible,
the court would permit the attorney to enter judgment so as to
frustrate the fraud. Swain v. Senate, 2 Bos. & P. (N. R.) 99; Chap-
man v. Haw, 1 Taunt. 341; Cole v. Bennett, 6 Price, 15. But if
the settlement was bona fide he was not permitted to enter judg-
ment. Welsh v. Hole, 1 Doug. 238; Marr v. Smith, 4 Barn. & Ald.
466. The remedy was allowed in cases of fraudulent and collusive
settlements only, and our court of appeals has carefully confined it
to such cases. Fraud taints everything, and to frustrate it all
ordinary rules give way. But a genuine and honest settlement ex-
tinguishes the cause of action, and it cannot be continued. This
remedy grew out of the necessity of the case to prevent the at-
torney from being defrauded. If he had had a lien on the cause of
action, as now, he would not have been under the dire necessity of in
some way entering judgment in order to get a lien and redress there-
under.

When by our first Code of Procedure (section 258) attorneys were
allowed to agree with their clients for their compensation, instead
of being confined to the fee bill, the said remedy was extended with
us by the decisions so as to embrace such compensation; but the at-
torney still had no lien unless he got judgment, and the same neces-
sity for a judgment to frustrate an attempted fraud on him by the
parties continued.

But in the year 1879 section 66 of our Code of Civil Procedure
was amended so as to give attorneys a lien on the cause of action
itself, viz.:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order."

It is obvious enough that the attorney no longer is under the necessity of getting a judgment in the action in order to have a lien. On the contrary, this statute gives him a lien on the cause of action itself, and provides that such lien "cannot be affected by any settlement between the parties before or after judgment."

This lien on the cause of action, however, is subject to the right of the parties to settle. The rule is now, as it always has been under a wise public policy, i. e., that the parties to an action have the absolute right to make an "honest" settlement of it without regard to their attorneys, and against their wishes, and thereby extinguish the cause of action. This has been recently decided (if it needed a decision) by the court of appeals in Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849, where in answer to a suggestion to the contrary by reason of the said Code amendment saying that the lien "cannot be affected by any settlement between the parties," the court explicitly said:

"This criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way."

Surely we cannot say that the client may settle at will without his attorney's consent, and that "the lien does not permit the plaintiff's attorney to stand in the way of a settlement by the client," and then turn about and say that the attorney may, however, repudiate such settlement, and go on harassing the defendant by a continuance of the action as a speculation for his own benefit, to see if he cannot get more than he would get on the basis of the settlement. This would be not only a contradiction both in substance and in terms, but would besides reduce an honorable profession to the level of common barrators. It is not true. A genuine settlement extinguishes the cause of action forever, and the attorney's lien is subject to the right of the parties to settle.

Can it be said that if this defendant corporation offered to pay the plaintiff the one-third of the amount agreed upon in settlement which he is entitled to under his agreement, he could refuse to take it and go on with the original action? A negative is the only possible answer. It follows that the defendant is under the reciprocal obligation to pay him his one-third, and if it does not do so he can maintain suit to enforce his lien. The law certainly does not delegate to the defendant the right to decide in what cases it will pay and in what others it may refuse.

As was finally decided by the Peri Case, no notice of the lien by the plaintiff's attorney to the defendant was necessary. The statute itself was notice. When therefore it paid all of the money

to the plaintiff in disregard of the plaintiff's lien, it did so in its own wrong, and did not thereby affect the attorney's rights, but stands in law toward him today the same as though it still had the money. How then is it any defence that it paid the money to the plaintiff in the action? That the attorney may bring suit to enforce his lien while the money to be paid in settlement is still in the defendant's hands, no one will question. And will any one say that by paying the money over to the plaintiff after notice (and the statute is notice) any more than after suit brought the defendant may extinguish the attorney's right of action? On what principle is that to be said of an attorney and his lien any more than of any other lienor or claimant to a fund on due notice?

Since the said Code amendment giving a lien on the cause of action was passed, the necessity for a judgment in the action in order to get a lien no longer exists. The plaintiff's attorney has a lien on the cause of action itself. The lien does not prevent an honest settlement by the parties, though; and if they settle, and thereby extinguish the cause of action, the lien is carried along to the sum agreed upon in settlement, the same as it is carried along to the judgment where there is one. This is all that is meant by the provision that the lien cannot be affected by a settlement; for as we have seen by the Peri Case the right of the parties to settle is still absolute. The cause of action by the settlement merges in the amount agreed upon in settlement.

And if the plaintiff should honestly settle for nothing, all the same the cause of action would be extinguished; and the lien also, for there would be nothing left for it to attach to. Is it to be said that the attorney in such a case could repudiate the settlement and go on with the action in order to get something out of the defendant? That would be saying that the client cannot settle without the attorney's permission, and as we have seen that is not so. It would be scandalous if it were so.

The suggestion that by settling the defendant cannot be held to have recognized that there was a cause of action, or to have settled a cause of action, is without foundation. What did it settle with the plaintiff if not his cause of action, and what unless that did it get him to extinguish by his release? Any subtle effort to still say there was no cause of action is vain. The defendant recognizing that it would probably lose settled. That is the motive which induces litigants to settle. The case is no different than if the action had been on a promissory note, and the note had been paid and delivered up. The cause of action is settled and extinguished in either case. And the suggestion that the defendant did not settle and extinguish the right of action, but only paid money to buy peace, becomes altogether absurd when on the defendant's own theory now urged to defeat this suit it knew it was not buying peace at all, but that it was leaving the attorney free to go on harassing it with the action. It does not matter what reasons induced the settlement. The power to destroy the cause of action and the attorney's lien on it by an honest settlement by the parties existed and was exercised, and the attorney's lien then followed to the fund.

I have heretofore discussed the questions presented by this case in Zimmer v. Railway Co., 32 Misc. Rep. 262, 65 N. Y. Supp. 977, and in Dolliver v. Boat Co., 32 Misc. Rep. 264, 65 N. Y. Supp. 978.

The case of Pilkington v. Railroad Co., 49 App. Div. 22, 63 N. Y. Supp. 211, is cited against the plaintiff, but the able judge who wrote there says nothing on the subject which is up here. There on settling the case with the plaintiff the defendant agreed with him to pay his attorney. The court on motion of the attorney at special term summarily fixed the amount to be paid him. The order was reversed on the ground that the amount could not be summarily fixed, but that the defendant was entitled to a trial.

The case of Casucci v. Railroad Co., 65 Hun, 452, 20 N. Y. Supp. 343, is also cited for the defendant, but it has not the slightest bearing on the question whether an attorney can rest on a settlement made by his client and maintain a suit in equity to enforce his lien. On the contrary, the attorney there repudiated the settlement as fraudulent, and had it set aside as affecting him, and continued the original action on his own account. Nevertheless on the trial he wanted to prove the amount paid in the settlement which he had repudiated and caused to be set aside as the amount to base his recovery on, but he was not permitted to do so, and this was affirmed. The attorney could not repudiate and stand upon the settlement at the same time. If he stood upon it he would have no right to continue the action. Nor, let it be noted, did the pleadings before the court present any case of an attorney's rights upon a settlement. They were the original pleadings between the parties on the original cause of action, which had to be made out in every particular. The question now up was not in that case at all. But suppose the attorney there had accepted the settlement as genuine and honest; would he have been remediless? Unless he could bring a suit in equity for his share he would have been. It is easy to pick stray sentences out of opinions here and there for this or that; but an actual decision of the court on a particular point is all that is authoritative.

Cases like Rochfort v. Railway Co., 50 App. Div. 261, 63 N. Y. Supp. 1036, and O'Brien v. Railway Co., 27 App. Div. 1, 50 N. Y. Supp. 159, are cited to me as in point, but I do not perceive why. When read carefully they do not even need to be distinguished. They have not the remotest bearing on whether an attorney may bring a suit in equity to enforce his lien. The former decides nothing, except that in the case of a settlement by the parties the amount which the plaintiff's attorney is entitled to cannot be summarily fixed by motion, but only in an action. The learned judge there writing says:

"The question presented, therefore, is one of practice, whether as against a defendant who settled with a plaintiff without the knowledge of his attorney, the latter can in a summary way, by petition, have the amount of his lien determined, or whether he must proceed to enforce it in or by an action."

This is an authority for the plaintiff here. The court by no means decided that the attorney's only remedy was to repudiate the settlement as fraudulent against him, and have the court set it aside as against him, and give him leave to go on with the original action in

the plaintiff's name, in which of course he would have to prove the original cause of action, and recover thereon, the pleadings admitting of no other course. It only decided the point before it, that the amount due him could not be determined on a motion but only in an action. In the latter case nothing was up or decided except that where the parties settle, the defendant may plead the settlement by a supplemental answer. This was opposed by the attorney for the plaintiff on the ground that he had a compensation agreement with his client for a percentage of the recovery. The judge writing says: "The attorney's rights under his agreement with his client are not affected by the release, nor will they be prejudiced by the plea thereof. If he desires to prosecute the action in the plaintiff's name for his own benefit he may still do so." Yes, "if he desires to"; and this was the timely thing to say, because the attorney was opposing the discontinuance of the action; but it is not saying or even intimating that he has no other remedy; and why should it be seized upon as so saying, much less so deciding? That an attorney may bring a suit like the present one is recognized in Re Lexington Ave., 30 App. Div. 602, 52 N. Y. Supp. 203.

The objection of the corporation defendant that it is entitled to a jury trial grows out of a misconception. There are no juries in equity, and there is no right to try a question of fact in an equity suit before a jury unless the right is given by statute.

Judgment for the plaintiff.