PER CURIAM. We think that the application for restitution in this case should be made to the court of appeals. See Murray v. Berdell, 98 N. Y. 480. Application denied, without prejudice to such motion.

FEKUS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Stanislaus Fekus against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. E. Rosenthal, for respondent. No opinion. Judgment affirmed, with costs.

FELIO, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by David J. Felio against the city of New York. No opinion. Judgment affirmed by default, with costs.

FENWICK, Respondent, v. MITCHELL et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by F. Bell Fenwick against William T. Mitchell and the Metropolitan Street Railway Company. No opinion. Judgment (70 N. Y. Supp. 667) reversed on argument, and new trial granted, costs to abide the final award of costs, on authority of Fischer-Hansen v. Brooklyn Heights R. Co., 63 App. Div. 356, 71 N. Y. Supp. 513.

FERRIS v. TOWNES et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Arthur F. Ferris against Willis G. Townes and another. No opinion. Appeal dismissed, with $10 costs.

FICLEN, Respondent, v. MORAL et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by William Ficlen against Bernard Moral and others. S. D. Epstein, for appellants. J. Lazarus, for respondent. No opinion. Judgment affirmed, with costs.

FINLEY, Respondent, v. BROOKLYN UNION EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by John Finley against the Brooklyn Union Elevated Railroad Company and the Brooklyn Heights Railroad Company. No opinion. Judgment affirmed, with costs.

FISCHER, Respondent, v. CONHAIM et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Max Fischer against Joseph Conhaim and others. H. V. Rutherford, for appellants. J. Wilkenfeld, for respondent.
PER CURIAM. The nonpayment of the bonus was by the contract of employment made dependent upon an exercise by the defendants of their reserved right to discharge the plaintiff within the year. He was not discharged, but served the full term, without any expression of dissatisfaction. He was, therefore, entitled to the extra compensation. Judgment (71 N. Y. Supp. 315) affirmed, with costs.

FISCHER v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Mamie Fischer against the Metropolitan Street Railway Company. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to court below to open default.

FISHEL et al., Respondents, v. WEIR, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry W. Fishel and others against Levi C. Weir, as president of the Adams Express Company. Guthrie, Cravath & Henderson, for appellant. Jacob Marks, for respondents.
PER CURIAM. The provisions of the statute of Iowa (section 3130), as to "unclaimed property" were not complied with, as appears from the agreed statement of facts. Owners' whereabouts were unknown. They had been twice requested for instructions regarding the disposition they wished made of the rejected package, and it is admitted that they had no notice of the amount of the carrier's charges due and unpaid as required by this provision. Irrespective of the other questions involved, the sale was unauthorized by law, and the judgment below should be affirmed, with costs. Judgment affirmed, with costs.

FISHER v. HAINES. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by George E. Fisher against Charles D. Haines. No opinion. Motion denied.

FLETCHER, Appellant, v. FLETCHER, Respondent, et al. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by William H. Fletcher against George M. Fletcher and Fanny O'Connor, as administratrix, etc.
PER CURIAM. Motion for dismissal of the appeal from the judgment denied. Motion for dismissal of the appeal from the order denied, on condition that the said appeal be brought on for argument at the next term of this court; otherwise, motion granted.

FLETCHER et al. v. McKEON et al. (Supreme Court, Appellate Division, First Department. October 25, 1901.) Action by Austin B. Fletcher and others against John McKeon and others. No opinion. Motion to dismiss denied until decision upon motion to set aside order of September 23, 1901.

FLINN, Respondent, v. MILLER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph A. Flinn against William S. Miller. Glover, Sweezy & Glover, for appellant. H. A. Geney, for respondent.
PER CURIAM. This case is distinguishable from Brooks v. Mortimer, 10 App. Div. 518, 42 N. Y. Supp. 299. In that case the grocers' bills were made out to the purveyor, and the purveyor's personal checks given in payment thereof. In the case at bar, while the dealings continued for some years, plaintiff's bills were always made out, and in some instances mailed,