judge cannot shirk it in any such way, but has to hear it and decide it on its merits, as it was clearly intended by the Code provision should be done by the judge hearing the preliminary motion. In the same way, no one can read the interminable list of decisions under the said other Code sections without seeing and regretting the extent to which the usefulness of the provisions of such sections have been impaired. The easy way of throwing every perplexity and obstacle in respect of pleadings or the like on the trial judge (Westervelt v. Times Company, 91 App. Div. 72, 86 N. Y. Supp. 454) seems to have become inveterate, whereas these Code provisions were intended to keep them away from him, so that the merits of the action could be met at once and carefully tried.

The learned brief submitted for the present motion subjects the affidavit on which the order was obtained to severe analysis, and while it abounds in decisions, old and new, which give color to some of the objections, I find the affidavit to contain all that the statute requires, and that ought to suffice.

The motion is denied with $10 costs.

---

(43 Misc. Rep. 414.)

MOREHOUSE v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Special Term, Kings County. April, 1904.)

1. ATTORNEY'S LIEN—SETTLEMENT OF CASE—PAYMENT OF MONEY.
   Though plaintiff's attorney is by Code Civ. Proc. § 66, given a lien on the cause of action, plaintiff may settle the case; but the lien continues on the amount agreed on in settlement, and may be foreclosed notwithstanding defendant pays the money to plaintiff without the attorney's consent.

2. SAME—AMOUNT OF FEE—OBJECTION BY OTHER PARTY.
   Defendant in a suit by plaintiff's attorney to foreclose his lien may not object to the amount of the fee agreed on by plaintiff and his attorney, though defendant settled the case with plaintiff and paid the money to him without the attorney's consent.

Suit by Wilmot L. Morehouse against the Brooklyn Heights Railroad Company and another. Judgment for plaintiff.

Suit to foreclose an attorney's lien. The defendant Nathan brought an action for damages against the defendant railroad company. This plaintiff was his attorney, and they had an agreement that the attorney was to receive for his services one-half of whatever sum might be obtained by recovery or by a settlement. Nathan settled the case with the company after it was placed on the calendar for trial for $2,000, and that sum was paid to him. His attorney, this plaintiff, was not consulted and knew nothing of the settlement. Nathan did not pay this plaintiff anything, has spent the money, and is insolvent.

E. V. Brewster, for plaintiff.
Charles L. Woody, for defendants.

GAYNOR, J. An attorney for the plaintiff formerly had a lien on the judgment only, but now he is given by a statute a lien on the cause of action itself. Code Civ. Proc. § 66. But his lien whether on the cause of action or on the judgment is necessarily subject to

his client's right to settle. The right of a client to settle always was, and it is, absolute. He cannot be compelled to go on with the action by his attorney; and if he obtain a judgment and the judgment debtor be insolvent, or if there be an appeal, he has the right to settle. He can no more be compelled by his attorney to take the risk of an appeal than to take the risk of a trial. In a word, and to repeat, the lien of the attorney, whether on the cause of action or on the judgment, is subject to the absolute right of the client to settle, and the attorney cannot go on with the action after it is settled, unless the settlement be collusive and fraudulent against the attorney, in which case he will be permitted to prosecute the action to judgment in order to foreclose his lien, if that course be necessary to frustrate the fraud, for in the case of fraud all ordinary rules give way. It is useless to pick phrases out of opinions on the subject. The matter is too plain for argument. The lawyer is not the principal and the client his subject or subordinate, but the reverse is the case. The litigation of this state has not been turned over to our profession as common barrators and strife makers. Lawyers are subject to the instructions and wishes of their clients. Fenwick v. Mitchell, 34 Misc. Rep. 617, 70 N. Y. Supp. 667. Forgetfulness of this one thing has caused much confusion.

Formerly, when the attorney's lien was on the judgment only, if the parties collusively prevented a judgment, so as to prevent the attorney's lien, and his client was worthless, the court would allow him to enter judgment, so that he could frustrate the fraud and collusion of the parties by means of his lien.

But now that the lien is on the cause of action, the attorney is in no need of a judgment in the action. If the cause of action is settled by the plaintiff, the attorney is bound by the settlement, and his lien necessarily continues on to the amount agreed upon in settlement, and the defendant cannot defeat the lien by paying the money to the party. If he so pays it without the attorney's consent he does so in his own wrong. The attorney may still foreclose his lien on the agreed sum. Fenwick v. Mitchell, supra; Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395.

The claim of the defendant here is, however, that fifty per cent. is unconscionable, and that this court will not enforce the lien for that amount. If the defendant company still had the $2,000 in its possession it could not raise such a question; it would have no interest in it; it would be a matter between the attorney and his client only. I do not think the company is in any better position after having paid the money in its own wrong.

Judgment for the plaintiff against the defendants for $1,000; execution first to issue against the defendant Nathan, and if it be returned unsatisfied, then against the defendant company.