(101 App. Div. 473)

OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 17, 1905.)

1. REMOVAL OF CAUSE—SETTLEMENT—ATTORNEY'S LIEN—STATE COURTS—JURISDICTION.

Where, after settlement of an action for injuries, defendant removed the cause to the federal courts, such removal did not deprive the state court of jurisdiction to enforce the lien of plaintiff's attorney on the proceeds of the settlement.

2. SAME—TRANSFER OF LIEN.

Where a private settlement of an action for injuries is made between the parties, the lien of plaintiff's attorney for services rendered is transferred from the cause of action on which the suit was brought to the proceeds of the settlement.

3. SAME—ENFORCEMENT OF LIEN—PARTIES.

Where a private settlement of an action for injuries was made between the parties after action brought, and plaintiff immediately left the country without paying his attorney, plaintiff was a necessary party to a proceeding by his attorney to enforce his lien against the proceeds of the settlement.

Appeal from Special Term, New York County.

Action by Garafola Bruno against the Pennsylvania Railroad Company. Continued, after settlement, by plaintiff's attorney, Achille J. Oishei, for the purpose of enforcing his lien for services rendered as against the proceeds of the settlement. From a judgment enforcing such lien, the railroad company appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Norman B. Beecher, for appellant.

Thomas J. O'Neill, for respondent.

LAUGHLIN, J. The defendant Bruno, through the respondent as his attorney of record, brought an action to recover damages for personal injuries, which he subsequently settled, for $500, without the knowledge or consent of his attorney, who brings this action to foreclose his lien upon the fund for services. The material facts are not controverted. After the commencement of the action for personal injuries, the appellant, without the knowledge or consent of the respondent, settled the claim and cause of action with the client, and took a general release. After this settlement the appellant, on the ground of diversity of citizenship, had the action transferred to the Circuit Court of the United States, where, in form, it is still pending.

The appellant first insists that, since the action has been transferred to the Circuit Court of the United States, the courts of this state have no jurisdiction to enforce the lien of the attorney. We are of opinion that this contention is not tenable. It appears that after the settlement the plaintiff's client departed from this country. Nothing remains to be tried except upon one or both of two theories: First, that the release was fraudulently obtained of the client by the appellant, and this it should not be permitted to urge, and, of course, does not claim; or, second, that it was procured with a view to defrauding the plaintiff of compensation for his services, and this likewise cannot be raised by the appellant, and may be waived by the attorney by ratifying the settlement, as he has done here.

The client has been made a party defendant, but he has not been served either personally or by publication, nor has he appeared. The learned counsel for the appellant contends that the client was a necessary party, because the issues involved a determination of the liability of the client to the attorney, and the amount thereof. We agree with this contention, and are of opinion that the judgment must be reversed upon that ground. The action is brought on the authority of Fischer-Hansen v. Bklyn. Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, which holds that a client may settle an action without the knowledge or consent of his attorney, if the settlement be made in good faith and without intent to defraud the attorney, and that the lien of the attorney for his services is transferred from the cause of action to the fund agreed to be paid in settlement thereof while the same is in the hands of the adverse party and before payment thereof to the client. The decision affords a remedy to the attorney by an action to foreclose the lien upon the fund, notwithstanding the fact that the fund may have been fully paid over to the client, provided, of course, that, by reason of the insolvency of the client or his departure from the state, the attorney is

obliged to resort to the lien as the only means of recovering for his services. If the appellant, before paying the money over to the client, had ascertained from the attorney the amount of his claim for services, and then withheld sufficient to meet that claim, but the client had not admitted liability therefor, I apprehend that it would not be seriously contended that the attorney could sue the appellant for the balance of the fund thus retained, and obtain a judgment therefor, without first establishing the liability of his client, either in another action or proceeding against the client, or by making him a party to the action against the appellant. In those circumstances there would or well might be two claimants to the fund, the attorney and the client, and, within all the authorities, the right of one claimant could not be adjudicated without the presence of the other, and the duty devolved upon the plaintiff of bringing in the necessary party. Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281. The doctrine is, I think, peculiarly applicable to such a fund. The attorney merely has a lien upon it. The lien has not been established, nor has the amount thereof been determined. It was necessary to determine these questions in this action. The client may have paid his attorney in full, or may dispute the claim for one-third of the settlement or recovery claimed by the plaintiff. By this judgment, in theory at least, money belonging to the client is taken to pay the attorney without affording the client an opportunity to be heard. How can the fact that the appellant has paid the entire fund over to the client affect the rule? The appellant may have been assured that the claim of the attorney was settled, or that he had no claim. As between the appellant and the client, surely it was the duty of the client to pay his attorney, in the absence of an agreement to the contrary; and, if the appellant should be obliged to pay the attorney on the theory that it will not be heard to say that it has paid out the money upon which the attorney had a lien, it will probably have a cause of action over against the client. Manifestly, therefore, the judgment should be one that will bind the client and protect the appellant. In the Fischer-Hansen Case the facts were quite similar. After the settlement the client returned to Italy; but in that case the client was made a party and was served by publication; and so he might have been served here, because, for the purpose of this litigation at least, the fund is deemed to be here, and the judgment is to operate upon it.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.