plaintiff for his measure of damages was entitled to the difference between his contract price and the price at which he could purchase in the open market. Therefore, the immediate question was not of selling, but of buying. And, in the third place, the opinion does not indicate any such cogent evidence, as in this case, of the probabilities which would attend the attempt to sell a large amount of property.

I do not think there is anything in the case which compels us to attempt to look over or around the results to alleged market prices, which in my judgment obviously would follow the effort to sell the stock in question.

The order appealed from should be modified by deducting from the total valuation of decedent's estate, as also from the amount transferred to Grace C. Curtice, the sum of $57,620, which is the difference between the amounts at which the capital stock in Curtice Bros. Company was appraised and par, and $97.50 per share for the common and preferred stocks, respectively, and by deducting 1 per cent., or $576.20, from the total tax, as well as from the tax upon the share of said Grace C. Curtice; and, as so modified, said order should be affirmed, without costs to either party. All concur, except SPRING and WILLIAMS, JJ., who dissent.

---

(110 App. Div. 709.)

OISHEI v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. ATTORNEY AND CLIENT—SETTLEMENT BY CLIENT—LIEN OF ATTORNEY—ENFORCEMENT.

Though a client may without consent of his attorney settle an action brought by him, the attorney, under Code Civ. Proc. § 66, providing that from the commencement of the action the attorney has a lien on the cause of action, which attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof in whosoever hands they may come, which cannot be affected by any settlement between the parties, has a lien on the proceeds of a settlement by the client with the defendant, which he may enforce against such defendant though he has paid the money to the client, he having constructive notice of the lien, and this without regard to the question of solvency of the client, or of prior proceedings therefore against the client, though the client must be made a party to the proceeding against such defendant.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 407–417.]

2. SAME—LIEN FOR COSTS.

Under Code Civ. Proc. § 66, giving an attorney a lien for his compensation, the agreement being that he shall have half the proceeds of any settlement or recovery, "and costs recovered or to which he may be entitled," and the client having made a settlement without costs, and the attorney not being entitled to any costs, in the absence of agreement, and no other agreement being shown, the attorney is not entitled to a lien for costs on the proceeds of a settlement made by the client.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 395.]

Appeal from Special Term.

Action by Achille J. Oishei against the Metropolitan Street Rail-

way Company and Domenico Gallo. From a judgment for plaintiff entered on a decision after trial. Defendants appeal. Modified.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Bayard H. Ames, for appellant Metropolitan St. Ry. Co.

Lyman A. Spalding, for appellant Domenico Gallo.

Nelson L. Keach, for respondent.

McLAUGHLIN, J. The wife of the defendant Gallo sustained personal injuries by reason of the negligence of the defendant railway company, and he thereafter brought an action against it to recover for the loss of her services. Prior to the commencement of the action he entered into a written agreement with his attorney which provided, among other things, as follows:

"I do hereby agree, stipulate, and contract with my said attorney to pay him one-half of any settlement or recovery in said action and he is, in addition thereto, to receive all costs and interests recovered, or to which he may be entitled. And I further agree with my said attorney not to make any settlement, unless he is present and receives his share in accordance with this agreement."

That action was settled without the knowledge or consent of the plaintiff's attorney, for $100, and a general release given. After the settlement the attorney (this plaintiff) brought this action against the railway company and Gallo to enforce a lien which he asserted he had upon the proceeds of the settlement. The action was tried without a jury and the court found, as a fact, that the action was duly commenced by the plaintiff, as attorney for Gallo; that the agreement with him for compensation was duly executed; that the railway company settled the cause of action for the sum of $100 and received from Gallo a general release; that the settlement was made and the release obtained without the knowledge or consent of the plaintiff; that Gallo had never paid him for his services; and that the costs and disbursements in the negligence action to the time of settlement amounted to $95.50; and as conclusion of law, that the plaintiff had a lien upon the cause of action to the extent of $50, together with $95.50 costs, and disbursements, making in all $145.50, for which sum plaintiff was entitled to judgment against both defendants, besides the costs and disbursements of this action. Judgment was entered accordingly, from which the defendants have separately appealed.

The appellants contend that the judgment is erroneous, and should be reversed, because the plaintiff failed to establish a cause of action against either of them. This contention is based principally upon the assertion that Gallo had the right to settle the action brought by him in the absence of his attorney, and without his consent, and no proof having been adduced at the trial to the effect that Gallo is insolvent, this action cannot be maintained. There is no doubt but that a client has the right to settle an action brought by him at any time he sees fit, and this, irrespective of whether or not his attorney consents to it. It is for him alone to determine whether he will continue the litigation or agree with his adversary to settle and discontinue it. This is a matter in which the attorney has no legal interest and in which his

judgment and will must at all times be subordinated to that of his client. Peri v. N. Y. Central & Hudson R. R. Co., 152 N. Y. 521, 46 N. E. 849. The attorney, however, has a lien upon the cause of action which attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof, in whosoever hands they may come, and which cannot be affected by any settlement between the parties before or after judgment or final order. Section 66, Code Civ. Proc. This lien is one which a party settling with the client is bound to recognize, inasmuch as he has at least constructive notice of it, and if a settlement be made without the knowledge of the attorney, the client, as well as the party, does so with knowledge of the fact that the lien may be enforced and satisfied out of the proceeds of the settlement against either or both of them. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395; Peri v. N. Y. C. & H. R. R. Co., supra; Coster v. Greenpoint Ferry Co., 5 Civ. Proc. R. 146, affirmed 98 N. Y. 660. The section of the Code giving the lien to an attorney is remedial in character, and must be liberally construed, to the end that the object sought by it can be attained, and for that purpose it was held in the Fischer-Hansen Case, that the lien attached to the proceeds of settlement before the same was paid to the client. Judge Vann, in delivering the opinion of the court, said:

"Upon common-law principles the lien on the cause of action follows the proceeds into the hands of the client after payment to him, but * * * it is necessary to determine whether the lien settled upon the fund before the defendant paid it over. Where was the lien during the interval, whether long or short, between the time of coming to terms and the time of payment? The statute says that the lien cannot be affected by any settlement between the parties before or after judgment, but does it mean that no settlement whatever can be made without the consent of the attorney? It clearly means this, unless the lien is impliedly transferred to the proceeds of the settlement. * * * We think the lien is subject to the right of the client to settle in good faith without regard to the wish of the attorney. * * * The right of the parties to thus settle is absolute and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and if they have been paid over to the client to insist that his share be ascertained and paid to him, for the defendant is estopped from saying that with notice of the lien he parted with the entire fund. * * * In this case the plaintiff, by standing on the settlement, admits that it was made in good faith, and thus confirms his lien upon the proceeds, which was not defeated by payment to his client, for the defendant paid at its peril. It had both actual and constructive notice of the lien, and while it does not appear that it knew the share of the fund that the plaintiff was entitled to receive, its duty was to ascertain the amount, and retain it for him."

The attorney, therefore, having a lien upon the proceeds of the fund, may enforce it; and this, irrespective of whether the client is solvent or insolvent. He is not obliged to proceed, in the first instance, against the client, but may proceed immediately, as here, against both the client and the party. The section of the Code cited clearly contemplates a speedy enforcement of the lien. Indeed, it provides that the court, upon the petition of the client or attorney, may determine and enforce it. The client is a necessary party, inasmuch as the issues involve a determination of his liability to the attorney and the amount thereof. Oishei v. Pennsylvania R. R. Co., 101 App. Div. 473, 91 N. Y. Supp. 1034.

If he is without the jurisdiction of the court, then service of process upon him may be obtained by publication. If the foregoing facts be correct, then it follows that this plaintiff has a lien upon the proceeds of the settlement, which may be enforced against both of the defendants, and the next inquiry is as to its extent or amount. Under the agreement between the attorney and client the former was to have one-half of any settlement or recovery, and, in addition, was to receive all costs and interests recovered "or to which he may be entitled." The action, as already said, was settled for the sum of $100. No costs were recovered, and the attorney was not entitled to any costs, unless by special agreement with the client, of which there was no proof. The costs in an action belong to the client. McIlvaine v. Steinson, 90 App. Div. 82, 85 N. Y. Supp. 889. The client having the right to settle the action, had the right to determine the terms upon which such settlement should be made, and the costs belonging to him; i. e., had the right to say the settlement should be without costs. The attorney was entitled to receive one-half of the consideration of the settlement. This was the agreement, and while it is said it is unconscionable, the court did not so find, and there is evidence to sustain the findings as made. This, however, was all he was entitled to. He was not entitled to the costs amounting to $95.50, in the negligence action, and the court erred in its conclusion that he had a lien for that amount in addition to the $50.

Other errors are alleged, but after an examination of them, they do not seem to be of sufficient importance to here receive consideration.

It follows that the judgment appealed from must be modified by deducting therefrom the sum of $95.50, and, as thus modified, the same is affirmed, without costs to either party.

O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur.