(82 Misc. Rep. 400.)

JAMES v. MARQUETTE.

(Supreme Court, Appellate Term, First Department. October 24, 1913.)

ATTORNEY AND CLIENT (§ 192*)—ENFORCEMENT OF LIEN—PROCEEDINGS.

The amount of the attorney's fee and the question as to how much has been paid by the client thereon cannot be determined summarily on a mo-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion by the attorney to enforce his lien for fees, but should be ascertained on reference.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

Appeal from City Court of New York, Special Term.

Action by Thomas James against Joseph R. Marquette, Jr. From an order of the City Court of New York denying a motion to open a default judgment, defendant appeals. Reversed, and motion granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Abraham Kutz, of New York City, for appellant.

Warren McConihe, of New York City, for respondent.

BIJUR, J. As there is no claim that the default was suffered other than by the mere accident of defendant's attorney having been a few minutes late when the original motion came on to be heard, the order denying the present motion to open the default is not based on any ground in connection with the occurrence of the default, but on the theory that defendant's moving papers show no merit. With this view we are compelled to disagree. This motion was made by an attorney to enforce his lien by being permitted to issue execution to the amount of such lien, a stated sum, against the defendant, against whom judgment had been recovered in the action. The plaintiff has voluntarily paid the amount of the judgment to the plaintiff's present attorney.

In the present state of the record, it appears that the attorney is entitled to enforce his lien; but both the amount of his fee and the question as to how much has been paid thereon cannot be determined summarily against the defendant, but should be ascertained upon a reference. Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627; Matter of Speranza, 186 N. Y. 280, 78 N. E. 1070. It should also be referred to a referee to ascertain whether, at the time when the moving party obtained an injunction against the plaintiff and his present attorney from disposing of any part of the proceeds of the judgment paid to them by defendant, either of them had any of these funds in hand. If they did, the moving party having consented to withdraw the motion in so far as it is directed against the plaintiff and his present attorney, the question will have to be decided whether he has not waived his lien against the defendant to that extent by such action. See Oishei v. Penn. R. R. Co., 101 App. Div. 473, 474, 91 N. Y. Supp. 1034.

Order reversed, with $10 costs and disbursements to appellant, default of defendant opened, on payment of $10 costs, and an order of reference of the issues herein above set forth directed to be entered in the court below. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes