(85 Misc. Rep. 249)

LEVY v. HIRSCHBERG.

(City Court of New York, Special Term. April, 1914.)

1. ATTORNEY AND CLIENT (§ 192*)—LIEN—ENFORCEMENT—PROCEEDINGS.

The court, upon the petition of either client or attorney, may enforce the lien created by Judiciary Law (Consol. Laws, c. 30) § 475, giving to an attorney who appears for a party in an action a lien upon such cause of action, which attaches to the verdict, judgment, etc.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

2. ATTORNEY AND CLIENT (§ 190*)—LIEN—PROTECTION AGAINST SETTLEMENT BETWEEN PARTIES.

Under Judiciary Law (Consol. Laws, c. 30) § 475, giving to an attorney, who appears for a party in an action, a lien upon such cause of action, which attaches to any verdict, judgment, etc., and the proceeds thereof, and declaring that such lien cannot be affected by any settlement between the parties before or after judgment, where the parties to an action honestly settle it out of court without the consent of plaintiff's attorney, the cause of action is extinguished, and the lien transferred to the sum agreed upon in settlement, which the attorney may enforce in equity against the parties.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

Action by Harry Levy against Isidore Hirschberg. Application by defendant for an order discontinuing the action, opposed by plaintiff's attorney. Motion granted.

Michael Schneiderman, of New York City, for plaintiff.
Max Schleimer, of New York City, for defendant.

FINELITE, J. The defendant makes application to this court for an order discontinuing this action upon the ground that one of the plaintiffs herein has accepted the sum of $25 in satisfaction of plaintiffs' claim and has executed a general release of the cause of action mentioned in the complaint. Plaintiffs' attorney opposes the motion on the ground that plaintiffs had an agreement with him wherein he was to receive 40 per cent. of any recovery that might be had in the action by way of judgment or settlement for the services rendered and to be rendered by him therein.

[1] Section 475 of the Judiciary Law (Consolidated Laws, c. 30; Laws 1909, c. 35) gives to an attorney who appears for a party in an action a lien upon such cause of action which attaches to the verdict, report, decision, judgment or final order therein "and the proceeds thereof, * * * and the lien cannot be affected by any settlement between the parties before or after judgment." The court, upon the petition of the client or attorney, may enforce the lien. The attorney herein is further protected by an agreement made with the plaintiffs to pay him 40 per cent. upon any settlement or compromise had in the action. Under the authorities I have found covering this question the court cannot summarily set aside the general release as executed between the parties, so far as to enable the attorney to continue the action for the purpose of protecting his lien wherein a settlement for a

certain sum had been actually paid, and in which the plaintiff can enforce his lien upon said settlement, based upon the amount actually paid. It appears from the amended complaint that the plaintiffs were copartners, conducting and carrying on a business of market loaders of vegetables and produce. Even though it does appear that one of the plaintiffs has compromised and settled the action for a certain amount, he is at liberty to do so, and the plaintiff has his remedy to recover one-half thereof in a proper action or proceeding.

[2] Where the parties to an action honestly settle it out of court without the consent of plaintiff's attorney, the cause of action is extinguished, and the statutory lien of plaintiff's attorney on the cause of action is transferred to the sum agreed upon in settlement, and the attorney may enforce his lien by a suit in equity against the plaintiff and defendant. Fenwick v. Mitchell et al., 34 Misc. Rep. 617, 70 N. Y. Supp. 667; Fisher-Hansen v. Brooklyn Heights R. R., 173 N. Y. 492, 66 N. E. 395; Pilkington v. Brooklyn Heights R. R., 49 App. Div. 22, 63 N. Y. Supp. 211; Matter of Evans, 58 App. Div. 502, 69 N. Y. Supp. 482; Rochfort v. Met. St. Ry., 50 App. Div. 261, 63 N. Y. Supp. 1036; Oishei v. Met. St. Ry., 110 App. Div. 709, 97 N. Y. Supp. 447; Marshall v. Meech, 51 N. Y. 143, 10 Am. Rep. 572; Moorhouse v. Brooklyn Heights R. R., 43 Misc. Rep. 414, 89 N. Y. Supp. 332. It is very unfortunate that the court cannot protect the attorney for the services rendered by him in the action on behalf of the plaintiffs beyond the amount of the settlement to which his lien applies. The plaintiffs' attorney has a lien to the amount of 40 per cent. on the settlement had herein.

Motion is therefore granted, subject to the payment of said attorney's lien as herein stated. Settle order on one day's notice.