## ZIMMER v. METROPOLITAN ST. RY. CO. et al.

### (Supreme Court, Special Term, Kings County. August, 1900.)

1. ATTORNEY'S LIEN—JUDGMENT—PAYMENT TO CLIENT—SATISFACTION—ATTORNEY'S REMEDY.

Where an attorney files a lien on the judgment obtained for his client, an infant, and on motion of defendant, and after notice to the attorney, an order is made that the judgment be paid to the infant's guardian, which is done accordingly, and the guardian still has the bulk of the recovery in his hands, the attorney cannot have the guardian's satisfaction of the judgment set aside, and his lien enforced by a petition in the original cause against the defendant, since the attorney can only enforce his lien against the opposite party when his client is irresponsible and the fund realized from the judgment is beyond reach, and then only by suit in equity.

2. SAME—REMEDY AGAINST OPPOSITE PARTY.

Code Civ. Proc. § 66, giving a summary method for the determination and enforcement of an attorney's lien on petition of either attorney or client, applies only between the attorney and his client, and has no relation to the enforcement of the lien against the opposite party, the latter being entitled to a trial in such a case.

Action by Cecelia J. Zimmer, an infant, by Charles V. Zimmer, her guardian ad litem, against the Metropolitan Street-Railway Company and another. Plaintiff having recovered judgment, the satisfaction of which was entered, Ernest M. Welch, her attorney, petitions to have the satisfaction set aside, and for the enforcement of his attorney's lien against defendant. Petition denied.

Kellogg & Rose, for the petition.

Henry A. Robinson, opposed.

GAYNOR, J. The plaintiff, an infant, obtained through the services of this petitioner as her attorney and counsel, judgment against both defendants for $10,000 and costs. On petition of the defendants an order was made herein on due notice to the plaintiff and her said attorney, and after a hearing, that the said judgment be paid to the general guardian of the plaintiff if one should be appointed within a time limited, and if not that it be paid to the Franklin Trust Company for the plaintiff. The guardian ad litem, her father, was thereupon appointed and qualified as such general guardian, and the judgment was paid to him, he giving a satisfaction thereof. The general guardian still has the bulk of the said judgment, viz., $10,103. The attorney has mistaken his remedy. There is no reason why the judgment should be restored, or why he should look to the defendants in the enforcement of his lien. It seems to be quite lost sight of nowadays that a plaintiff's attorney can hold the defendant liable under his lien on the cause of action or on the judgment, only when his client is irresponsible, and he cannot get the amount due to him. A defendant stands only as a surety in relation to the plaintiff's attorney under his lien. When his client is sufficiently solvent to be able to pay him, or when, if there be a fund as a result of the litigation, he can enforce his compensation therefrom, the plaintiff's attorney cannot maintain an action or proceeding against the defendant to make him liable under his lien. It is only where the judgment is paid to the client without the attorney's consent, or if the action is settled before

judgment, where the consideration agreed upon is paid to the client without the attorney's consent, and the money is got away with and cannot be impounded, and the client is irresponsible, that the attorney may proceed to enforce his lien against the defendant. Schriever v. Railroad Co., 30 Misc. Rep. 145, 61 N. Y. Supp. 644, 890; Lee v. Oil Co., 126 N. Y. 579, 27 N. E. 1018; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849. And even then he must on well-settled principles and rules of practice in analogous cases proceed by a suit in equity, making both the plaintiff and the defendant parties defendant, and get a judgment against such plaintiff for the amount owing, and in default of it being collected of him, against the defendant for such amount, or such part thereof as is found to be secured by the lien. The case is no different to the foreclosure of a mechanic's lien and other liens. In reported cases where the lien was foreclosed on motion or petition, the parties consented to that method. The summary method for the court on petition to fix the amount and enforce the lien provided by the last sentence of section 66 of the Code of Civil Procedure, is between the attorney and his client. That provision has no reference to the opposite party to the action. He is entitled to a trial. But it is not a case where there is a constitutional right to a jury trial, for in equity there never was and is not a right to a jury trial except as given by statute.

The application is denied.