(44 Misc. Rep. 268.)

### GURLEY v. GRUENSTEIN.

(Supreme Court, Special Term, Kings County. July, 1904.)

1. ATTORNEY'S LIEN—ENFORCEMENT.

> Where plaintiff is solvent, and able to pay his attorney, the latter cannot recover his lien for services against the defendant on the judgment against him.

Action by George B. Gurley against Moritz Gruenstein. Petition by plaintiff's attorney to issue execution on a judgment to recover his alleged lien for one-half thereof. Denied.

Charles S. Simpkins in pro. per.

Jacob Gordon, for defendant.

GAYNOR, J. The plaintiff recovered a judgment herein on July 8, 1887, for $1,514.70. On June 4, 1897, the parties settled by the payment of $100 to the plaintiff by the defendant in full of the judgment. At that time the defendant was insolvent. The plaintiff's attorney (the petitioner) had nothing to do with this settlement. He had an agreement for one-half of whatever should be recovered in the action. He has been paid nothing by the plaintiff. There is no claim that the plaintiff is insolvent and unable to pay the attorney.

The plaintiff had the absolute right to settle the judgment with the defendant for whatever he could get, the defendant being insolvent. An attorney's lien is subject to this right of his client to settle (Pomeranz v. Marcus, 40 Misc. Rep. 442, 82 N. Y. Supp. 707; Zimmer v. Metropolitan St. R. Co., 32 Misc. Rep. 262, 65 N. Y. Supp. 977; Dolliver v. American-Swan Boat Co., 32 Misc. Rep. 264, 65 N. Y. Supp. 978). The statute by giving the attorney a lien does not make him the principal. The client still remains in control of his cause of action, with the same right to settle which clients always had (Fenwick v. Mitchell, 34 Misc. Rep. 617, 70 N. Y. Supp. 667; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395; Morehouse v. Brooklyn Heights R. R. Co., 43 Misc. Rep. 414, 89 N. Y. Supp. 332). A collusive settlement, made to defraud an attorney, will be set aside in favor of the attorney, where that is necessary to enable him to foreclose his lien; an honest settlement will not be interfered with. There is no claim that the settlement here was collusive against the attorney. It was honest, and must therefore stand. The attorney's lien is therefore only for $50.

But this motion cannot prevail, for the reason that the plaintiff is solvent and able to pay his attorney. A party to an action is only secondarily liable to the attorney of the adverse party for the amount of his lien, viz., he is only liable when such adverse party is insolvent and unable to pay his attorney.

Motion denied.