CHARLOTTE C. SMITH, Respondent, *v.* ACKER PROCESS COMPANY, Appellant.

*Attorney and client — remedy of the attorney where a settlement is made by his client without his consent — what must be shown on an application under section 66 of the Code of Civil Procedure.*

Where the plaintiff in an action, without the knowledge or consent of her attorneys, effects a settlement of the action, such attorneys may, if the plaintiff is not financially responsible, enforce their lien for services either in an action in equity or in a proceeding under section 66 of the Code of Civil Procedure.

The court will rarely, if ever, permit the action to be continued for the benefit of the attorneys.

An application by the attorneys for an order under section 66 of the Code of Civil Procedure will be denied where the moving papers do not show the amount of the compensation claimed by the attorneys or that the plaintiff is not financially responsible.

APPEAL by the defendant, the Acker Process Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 24th day of October, 1904, permitting the continuance of the action for the purpose of determining and enforcing the lien of plaintiff's attorneys for services.

*A. K. Potter,* for the appellant.

*P. F. King,* for the respondent.

WILLIAMS, J.:

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff's attorneys to apply to the court upon petition to determine and enforce their lien for compensation for services under section 66 of the Code of Civil Procedure upon payment of the foregoing costs. The action is to restrain the creation and continuance of a nuisance and for damages occasioned by such nuisance. It was commenced in August, 1902, and issue was joined in September, 1902. December 8, 1902, plaintiff conveyed her premises affected by the alleged nuisance to an officer of the defendant, and received therefor $3,730, and in consideration thereof she made a written agreement with defendant settling the action and the subject-matter thereof, stipulating a discontinuance, without costs, and directing her attorney to discontinue the action. In June, 1903, this and several other actions of a like nature against the same defendant were referred to a referee to hear, try and determine. The actions were to be tried together, the same proofs as to nuisance to be used in all of them. In July, 1904, the cases were brought to trial before the referee, and evidence taken apparently until the plaintiffs' cases were closed. Then a motion was made at Special Term for a discontinuance of this action by reason of the written agreement of settlement made in December, 1902. This

motion was heard August 1, 1904, and resulted in an order that the defendant be permitted to serve a supplemental answer, alleging the settlement. The answer was at once served. October 17, 1904, a motion was made at Special Term for leave to continue the action for the purpose of determining and establishing the lien of plaintiff's attorneys, which resulted in the order from which this appeal is taken. The papers used upon such motion did not disclose the amount claimed by the attorneys as compensation for their services in the action, nor whether there was any express agreement with plaintiff as to the amount they should receive, whether a gross sum or percentage of the sum recovered in the action. The action is not one where a percentage of the damages recovered would be likely to be made the basis for fixing the attorneys' compensation. It was merely stated that they had been paid nothing, and a large amount was owing to them. There was no satisfactory showing in the papers that the plaintiff was not a woman of sufficient financial responsibility to pay the attorneys what was due them. There is no doubt but that the settlement was made, and was perfectly legal and proper between the parties, and that by its terms defendant was not to pay her attorneys ; she was to pay them herself. There does not appear to have been any intention on the part of the defendant to deprive the plaintiff's attorneys of their compensation in the case. There was paid to the plaintiff at the time of the settlement a large sum of money, $3,730, and, after paying therefrom some liens and charges on the property conveyed by her, she had a considerable sum left, from $1,500 to $2,000. She was, therefore, apparently able then to pay her attorneys for their services, and the papers very satisfactorily show that she has substantially that amount of property still. She has, concededly, a vacant lot worth from $300 to $500 and her son testifies that she has upwards of $1,000 invested in a business carried on by her husband, which is a lucrative one. Her husband says that she has no other real property except the vacant lot. He does not say that she has no personal property invested in his business or elsewhere. She is a married woman, supported by her husband, and is carrying on no business herself. It is true *she* is made to state in *her* affidavit, in contradiction of her son and her husband, that she has no property of any kind except the vacant lot. If

this be true, and she really intends so to testify, why does her husband fail to corroborate the statement? The papers do not, in view of what we have said, show that the plaintiff is not financially responsible and able to pay her attorneys for their services in the action. This being so, it seems to us there was no ground for making the order appealed from or any other order for the purpose of determining and enforcing any alleged lien of the attorneys. Until they show that they cannot get their money from their own client, the court is not justified in entertaining any proceeding under section 66 of the Code of Civil Procedure.

The settlement was made without the knowledge or consent of the attorneys, and their rights should be protected. If their client is irresponsible and cannot be made to pay them, then the defendant must be made to respond, but not otherwise, and whenever a *prima facie* case is made by the attorneys for relief under this section 66 of the Code of Civil Procedure, then the court should in a proper way entertain the application and determine what lien, if any exists, and take measures to enforce the same. This is the fair conclusion to be drawn from recent decisions by the Court of Appeals.

In *Poole* v. *Belcha* (131 N. Y. 200) a settlement had been made by the parties, which the attorney sought to set aside for the protection of his lien. The court said that this provision of the Code of Civil Procedure " does not prevent parties from settling and releasing judgments, suits and controversies. If the release has the effect of defrauding the * * * attorney of his costs, the court has the power to and should set it aside and protect the attorney's lien. But there was nothing shown on the motion to lead the court to believe that the attorney needed any protection. For aught that appears his client is able and willing to pay all his reasonable and proper charges, and if this is so, why should the parties be prevented from settling the litigation in their own way * * *. In order to warrant the court in disregarding a settlement and release made in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney, or at least to his prejudice by depriving him of his costs, or turning him over to an irresponsible client."

In *Matter of King* (168 N. Y. 53) it was held that, under the

last sentence of section 66 of the Code of Civil Procedure, the court not only has jurisdiction, but it *must*, either itself, or by a reference, in its discretion, determine the amount of a client's indebtedness to his attorney; that the provision is not unconstitutional, and the parties are not entitled to a trial by jury of such issue; that the remedy is equitable in character and the equity side of the court has jurisdiction. The manner in which the court could enforce the lien was not involved in that case and was not considered. The court by the section is given the power to enforce the lien as well as to determine that it exists, and the amount thereof. The way in which it can be enforced will necessarily vary according to the circumstances of each particular case.

In *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 493) the question of determining and enforcing the lien in the various ways was considered. In that case it was determined and enforced by an action in equity brought against both parties to the action. A negligence action had been settled for $1,500, the money paid to the plaintiff, and he had gone out of the country with the same, so that the attorney could not reach the money or his client. The attorney claimed that by agreement he was entitled to one-half of the money paid on the settlement. The question was raised by demurrer to the complaint, and the court held the action properly brought and that it could be maintained on the facts alleged, and the $750 recovered from the defendant in the negligence action. With reference to the remedy sought to be applied in the case we are deciding, the court said: " This form of relief is clumsy and illogical because it authorizes the trial of a dead lawsuit in the interest of one who never owned the claim upon which it was founded. It was a device of the courts, not of the Legislature, and sprang from the necessity of providing some remedy against fraudulent settlements," and then the court said with reference to section 66 of the Code of Civil Procedure: " The statute is remedial in character and hence should be construed liberally in aid of the object sought by the legislation, which was to furnish security to attorneys by giving them a lien upon the subject of the action. The common law gave them no lien until the entry of judgment, but the statute gives them one from the commencement of the action. If the claim is prosecuted to judgment, or to a decision upon which

judgment may be entered, the lien reaches forward and attaches to that also." The court then considered the question whether the lien was lost when the claim was extinguished by a settlement, and held that it was not. As to the three remedies, by continuing the action to judgment for the benefit of the attorney, by an action in equity and by a proceeding under section 66 of the Code of Civil Procedure, the first one was spoken of unfavorably; the second as permissible; the third as expressly provided by the Legislature and as adequate in all cases. It seems to us from a consideration of these late expressions of the Court of Appeals that we should not favor the continuance of an action for the benefit of the attorney's lien. Its only object would be to arrive at the attorney's compensation in a case where there has been an agreement with the client for a percentage of the recovery, and even in such a case the result of a trial after a settlement would hardly be a fair indication of what the recovery would have been in the absence of the settlement which was contemplated by the agreement originally made. It seems to us even in such a case a more satisfactory determination would be arrived at by the court, with or without the aid of a referee, under section 66 of the Code of Civil Procedure. If the attorneys see fit to bring an action in equity, the court cannot, of course, object to the application of that remedy, but where the direction of the court is asked as to the other two remedies suggested, we think the court should rarely if ever permit the action to be continued, but should exercise the power clearly given by section 66 of the Code of Civil Procedure, and itself determine whether a lien exists and the amount thereof, and should then by appropriate remedy enforce the lien so determined to exist.

In this case we cannot make any order under section 66 of the Code of Civil Procedure, because it is not shown what amount of compensation is claimed by the attorneys, and it is not shown that their client is not financially responsible so as to be able to pay the amount actually owing. Leave will be given, however, to the attorneys to make a new application for relief under this section of the Code of Civil Procedure upon payment of the costs awarded upon their appeal and ten dollars costs of the motion already made in the court below.

All concurred.

Order reversed, with ten dollars cost and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff's attorneys to apply to the court upon petition to determine and enforce their lien for compensation for services, under section 66 of the Code of Civil Procedure, upon payment of the costs herein imposed.