(116 App. Div. 887)
RUSSO v. DARMSTADT et al. (two cases).

(Supreme Court, Appellate Division, Second Department. January 18, 1907.)

DISMISSAL—INVOLUNTARY—PARTIES ENTITLED TO OPPOSE.

    Where, after service of summons, plaintiff and defendants settled the claim, and defendants moved to dismiss the complaint for failure of plaintiff's attorney to serve a copy of the complaint on them within 20 days after a written demand therefor, as expressly required by Code Civ. Proc. § 480, it was error to attach to an order granting the motion a condition that plaintiff pay his attorney $25 within 10 days, though the case had been settled without the attorney's consent or payment of costs to him, and he had an agreement with plaintiff for one-half the recovery.

Appeal from Special Term, Kings County.

Actions by Gaetano Russo against Louis F. Darmstadt and others. From an order denying defendants' motion to dismiss the complaint, and from an order resettling such order, defendants appeal. Reversed, and motion granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Louis Cohn, for appellants.

Francis L. Corrao, for respondent.

JENKS, J. The action is for negligence. The appeal is from an order of the Special Term of August 24, 1906, which resettled an order of June 26, 1906. On June 12, 1906, the defendants moved for an order dismissing the complaint, with costs, and directing judgment in favor of the defendants and against the plaintiff for costs and disbursements. The motion was upon an affidavit that the action was begun on or about October 18, 1905, by service of summons; that defendants appeared on November 2, 1905, with a demand for service of a copy of the complaint and all other papers upon their attorney; that the plaintiff never obtained any extension of time, and that therefore his complaint was due on November 22, 1905; that a copy had never been served, and the plaintiff was in default. On the motion day the plaintiff's attorney appeared and submitted his affidavit that he had been retained in the action, which was for personal injuries suffered while at work for the defendants; that he had served the summons; that thereafter the defendants had compromised with the plaintiff and settled with him for the sum of $150, "as deponent is informed and verily believes, by the plaintiff," without the consent of the deponent, and without paying any costs to him; that "because of the said compromise plaintiff refused to sign a complaint herein, and refused to do anything"; that deponent had an agreement to be paid one-half of the sum of money recovered herein, by compromise or otherwise, with plaintiff. He asked that the motion be granted upon such terms as seemed just and proper to the court. The court granted the motion upon condition that plaintiff pay $25 to the attorney within 10 days; otherwise, denied it, with $10 costs. The order first entered was afterwards resettled as to certain recitals.

There are two appeals—one from the original order, and one from the order as resettled; but the reason therefor is not apparent. It is

to be noted that a motion is granted upon condition that the plaintiff pay his own attorney $25. I take it that the defendants compromised this case after service of the summons, and that the neglect of plaintiff's attorney to serve the complaint was due solely to the refusal of his client to proceed in the action. Upon the attorney's own showing, then, the motion is based upon a settlement which ended the claim and the cause of action thereon. The attorney's lien could not bar it. Peri v. N. Y. Cent. R. R. Co., 152 N. Y. 521, 46 N. E. 849; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395. While I do not suppose that the attorney would object if the $25 was forthcoming from the defendants, instead of the plaintiff, yet the legal situation is that the defendants, who are entitled to this order upon this showing of delay (section 480, Code Civ. Proc.), cannot obtain it unless the plaintiff pay the $25 to his own attorney. Inasmuch as the plaintiff's attorney deposes that his client will not do anything, the effect of this order is to continue the case for the benefit of the attorney. Such a continuance may be ordered ex necessitate as a remedy against fraudulent settlements (Fischer-Hansen v. Brooklyn Heights R. R. Co., supra); but Vann, J., for the court, in the case cited says that such form of relief is "clumsy and illogical, because it authorizes the trial of a dead lawsuit in the interest of one who never owned the claim upon which it was founded." See, too, Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351. The attorney has his remedies under section 66 of the Code of Civil Procedure, which is not in its nature a motion in the action (Peri v. N. Y. Cent. R. R. Co., supra), and also by an action in equity to establish and to enforce his lien. He may "follow the proceeds of the settlement, and, if they have been paid over to the client," he has the right to "insist that his share be ascertained and paid to him; for the defendant is estopped from saying that with notice of the lien he parted with the entire fund." Fischer-Hansen v. Brooklyn Heights R. R. Co., supra.

In National Exhibition Co. v. Crane, 167 N. Y. 505, 60 N. E. 768, cited by the learned attorney, it was held that the court, in its inherent power to prevent a stain on its record by collusion and fraud, could impose the payment of costs to the defendant's attorney by plaintiff, when, after joinder of issue, notice of trial, and placing of cause on the calendar, the defendant, without the knowledge or consent of his attorney, without paying or providing for the payment of costs, and for the purpose of depriving him of his costs, stipulates for a discontinuance without costs. The power was not exercised perforce of an attorney's lien, forasmuch as there was none in that case. That decision does not control this case, which merely presents the feature of a settlement after summons served, without regard to the attorney's lien.

Both orders are reversed, without costs, and the motion is granted, with $10 costs, without prejudice to the attorney's rights to enforce his lien. All concur.