(121 App. Div. 611.)

### CRISENZA v. AUCHMUTY.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

DISMISSAL—RIGHTS OF ATTORNEY.

It was improper to refuse to dismiss a complaint for lack of prosecution, as expressly authorized by Code Civ. Proc. § 822, and rule 36 of the general rules of practice; plaintiff's attorney's only excuse being that his client had settled the claim, and he having taken no steps since the joinder of issue to enforce his lien, though advised by the answer of the settlement.

Appeal from Special Term.

Action by Luca Crisenza against Ellen S. Auchmuty. From an order denying a motion to dismiss the complaint for neglect to prosecute, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE and HOUGHTON, JJ.

Harold S. Recknagel, for appellant.
Nelson L. Keach, for respondent.

PER CURIAM. The action was begun by the service of a summons on January 15, 1904, and the issue was joined on March 2, 1904.

The case has never been noticed for trial, and, junior issues having been reached and tried in their regular order, defendant moved to dismiss the complaint for lack of prosecution, as provided for by section 822 of the Code of Civil Procedure and rule 36 of the general rules of practice. The only excuse offered by the plaintiff's attorney is that his client had settled and compromised the claim, and, indeed, the answer, verified on the 2d day of March, 1904, alleges compromise of the claim and the execution and delivery by the defendant of a general release.

It is suggested that, in spite of the fact that the plaintiff's attorney has taken no steps in the action since the joinder of issue and made no move for the purpose of enforcing his lien, the case ought to be kept upon the calendar and treated as a live issue, solely for the attorney's protection. There seems to be no good reason for this. The attorney's rights, if he had any, accrued upon the compromise and settlement of which he was advised by the answer served. The facts do not differ essentially from those passed upon by the learned Appellate Division in the Second Department in Russo v. Darmstadt, 116 App. Div. 887, 102 N. Y. Supp. 209; and for the reasons there stated the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.