(128 App. Div. 139.)

## BOGART v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    October 16, 1908.)

1. PLEADING—ISSUES—PROOF.

Where, in an action against a city for wrongful death, the complaint alleged the filing of notice of intention to sue, as required by Laws 1886, p. 801, c. 572, which allegation was not denied, the filing of such notice was not in issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 270–275.]

2. MUNICIPAL CORPORATIONS—DENIAL OF KNOWLEDGE OR INFORMATION.

Where, in an action against a city, the complaint alleged the filing of notice of intent to sue, the city would be presumed to have knowledge whether it was filed or not, so that its denial of knowledge or information sufficient to form a belief as to such allegation was frivolous.

Appeal from Trial Term, Richmond County.

Action by Mary C. Bogart, as administratrix of John Bogart, deceased, against the city of New York, to recover damages for the death of plaintiff's intestate by defendant's alleged negligence. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frank J. Dupignac, for appellant.

Theodore Connoly (Thomas F. Noonan, on the brief), for respondent.

GAYNOR, J.    The complaint was dismissed on the trial on the ground that the plaintiff had failed to prove that she had filed with the corporation counsel notice of intention to commence the action as required by chapter 572, p. 801, of the Laws of 1886. There was no such issue. It was alleged in the 28th subdivision of the amended complaint that such notice had been filed. There was no denial of this in the answer. The denial that the defendant "has any knowledge or information sufficient to form a belief as to any of the allegations in said amended complaint," except, etc., was not a denial of it. It was a frivolous denial in respect of it. If the notice was filed it was in a public office of the city, and the city is therefore presumed to have knowledge whether it was filed or not. In such a case such a denial is not permissible. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Purdy v. City of New York, 126 App. Div. 320, 110 N. Y. Supp. 822; City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.