BLOCH v. BLOCH.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. PLEADING (§ 121*)—DENIAL.

A denial of knowledge or information sufficient to form a belief as to a personal transaction is bad in form.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 245; Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 154*)—QUESTIONS REVIEWABLE—WAIVER.

A defendant, failing to appeal from an order continuing a case settled by the parties without consideration, in order to determine the right of plaintiff's attorney to a contingent fee, waives thereby the right to raise, on appeal from the judgment for plaintiff, the question of the right of the attorney to the remedy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 957; Dec. Dig. § 154.*]

Gaynor, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Gustav Bloch against Morris Bloch. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Samuel J. Goldsmith (Gordon S. P. Kleeberg, on the brief), for appellant.

Edward M. Grout (Paul Grout, on the brief), for respondent.

WOODWARD, J. The plaintiff and defendant are brothers. The complaint alleges that in June, 1902, at the city of New York, the plaintiff lent to the defendant the sum of $500 on condition that the same should be repaid in a short time, by which expression, "a short time," the parties meant and intended a period of about one month, and that within one year from such time the plaintiff demanded payment of said sum of $500 from the defendant, but that no part thereof has been paid, and the defendant is now justly indebted therefor to the plaintiff in the sum of $500, with interest, etc. The answer "denies all knowledge or information sufficient to form a belief as to the allega-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

, tions" contained in the two paragraphs of the complaint briefly stated above, and a separate defense, alleging payment in full of the claim before the commencement of the action. The answer is verified by defendant's attorney, who states that his ground for belief as to all matters not stated upon his knowledge are conversations had with defendant and letters, etc. This form of denial as to a personal transaction is not approved by the courts (Bogart v. City of New York, 128 App. Div. 139, 140, 112 N. Y. Supp. 549, and authorities there cited); and it is doubtful if any issue was fairly raised as to the loaning of the money, the terms, and the fact that it had not been repaid, so that practically the only question presented by the pleadings was the affirmative defense that the payment had been made prior to the commencement of this action.

Before the action was reached for trial the plaintiff and defendant got together and settled the case without consideration, and on motion the plaintiff's attorney was permitted to continue the action for the purpose of determining his right to a contingent fee of one-half of the recovery. There was no appeal from the order granting the right to continue the action, and no question appears to have been raised upon the trial as to the right of the attorney to continue the action, so that the interesting question discussed on appeal as to the right of parties to settle, notwithstanding the provisions of section 66 of the Code of Civil Procedure, does not appear to be involved. The question was tried and submitted to the jury upon the theory that the plaintiff's attorney was bound to establish by a preponderance of evidence the cause of action alleged in the complaint, and while it must be conceded that the evidence is not as strong as might be desired, when the state of the pleadings is taken into consideration, we are not prepared to say that the verdict of the jury is not supported by the evidence. The result of the action is to determine that at the time of the commencement of the action there was a good claim existing against the defendant for the sum of $500, and the plaintiff's attorney was to have one-half of any sum which was recovered in the action. It is not a proceeding to enforce the lien, but to determine the amount which is due under the agreement, and, while it is extremely doubtful whether this was a case where the plaintiff's attorney was entitled to the remedy which he sought, the defendant, by failing to appeal from the order permitting the action to be continued, must be deemed to have waived the right to raise that question on appeal.

The judgment and order appealed from should be affirmed.

· Judgment and order affirmed, with costs.. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). The law is, as it always has been, that a plaintiff may settle and discontinue the action at will, without regard to the wishes of his attorney, and no matter what the attorney's agreement for compensation is, or whether he has been paid or not. The plaintiff may settle for any amount or consideration he may see fit, or for nothing. No one may be compelled by his attorney to go on with a lawsuit and continue its risk against his will. To say other-

wise would be to turn the legal profession into one of common bar-rators, or worse, and degrade it.

It is difficult to see how the contrary notion seemed to have recognition for a time. Prior to the enactment of section 66 of the Code of Civil Procedure attorneys had no lien on the cause of action. They had no statutory lien at all, but only the common-law lien on the judgment for their statutory fees. Prior to judgment they had no lien. By giving the attorney a lien on the cause of action, section 66 did not take away from the plaintiff his right to control and settle the action at will. The lien is subject to the plaintiff's absolute right to settle and discontinue the action whenever and however he may see fit. "The statute by giving the attorney a lien does not make him the principal. The client still remains in control of his cause of action, with the same right to settle which clients always had." Gurley v. Gruenstein, 44 Misc. Rep. 268, 89 N. Y. Supp. 887. The cause of action being extinguished, there is a transition of the lien to the amount agreed upon in settlement, and if no amount be agreed upon, the lien is spent. This is all obvious on the settled principles which govern the relation of attorney and client, and the notion to the contrary which cropped out in some decisions and in expressions in opinions has been giving way fast, and should now be made to give way entirely. In fact recent decisions make it wholly untenable.

It is settled that upon a settlement of the action by the plaintiff, the cause of action is extinct and the lien of his attorney on the cause of action is transferred to the amount agreed upon in settlement. "The right of the parties to thus settle is absolute and the settlement determines the cause of action and liquidates the claim." "Such settlements are not prohibited by the existence of the attorney's lien." Fenwick v. Mitchell, 34 Misc. Rep. 617, 70 N. Y. Supp. 667, affirmed 173 N. Y. 633, 66 N. E. 1108; Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395.

By what authority or on what principle may a court say that if the settlement be made without payment of anything by the defendant the cause of action is not extinguished, and the plaintiff's attorney may be permitted to keep the action alive and prosecute it? It is for the plaintiff alone to say whether he will go on with the action, and if he settles it the cause of action is extinguished whether he be paid little or much or nothing.

But it is said that while this is the rule, it does not apply to "dishonest settlements made to cheat attorneys"; to "fraudulent settlements," as the phrase more commonly is. But this is very far from saying that a settlement without anything being paid by the defendant is a fraudulent one, i. e., against the attorney. No one can think of questioning that it is the right of a defendant to get rid of an action against him as best he may; for the least payment he can get the plaintiff down to, or for no payment, if he can get him down to that. He is under no obligation to have any regard in making the settlement to what the services of the plaintiff's attorney may be worth. The plaintiff may quit for any sum he sees fit, or for no sum, but only to escape the risk of losing and being charged with costs; and his attorney may

not stand in the way. In getting the best settlement he can, the defendant is not committing any fraud on the plaintiff's attorney, and he is in no way affected by any fraud or breach of agreement between the plaintiff and his attorney.

If, however, the parties should conceal the amount agreed upon in settlement, and state to the attorney that the settlement was for a less sum, or for nothing, in order to deceive and defraud the attorney, he would have the right in the foreclosure of his lien to ascertain the true amount; and if that could not be done with certainty, the court, in order to frustrate the fraud might, no doubt, ascertain as best it could the value of the cause of action, and base the award to the attorney thereon; for in order to frustrate frauds all ordinary rules give way. To do this does not require that the attorney be permitted to prosecute the action notwithstanding it has been settled. That remedy would seldom be otherwise than a barren one. Having lost his client he would as a rule be unable to make any headway with the action. As is well said in a recent case:

"It seems to us from a consideration of these late expressions of the Court of Appeals that we should not favor the continuance of an action for the benefit of an attorney's lien." Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351.

Moreover, as it is now settled that the defendant is not a principal, but only a surety to the plaintiff for the payment of the compensation for which his attorney has a lien, the said amount cannot be collected of the defendant by obtaining a judgment against him in the original action. The lien has to be foreclosed against the plaintiff as principal, and the defendant as surety, both being made parties, and the amount cannot be collected of the defendant until the remedy of the attorney has first been exhausted against his client, the plaintiff. Gurley v. Gruenstein, 44 Misc. Rep. 268, 89 N. Y. Supp. 887; Morehouse v. Brooklyn Heights R. Co., 185 N. Y. 520, 78 N. E. 179.

And in addition to the foregoing, in the case at bar the order permitting the attorney for the plaintiff to continue the action did not find that the settlement was fraudulent. It does not appear that any such claim was made on the motion for such permission. The learned judge who tried the case, however, submitted to the jury whether the settlement was fraudulent. He charged that the plaintiff had the right to settle in any way he saw fit, and that the settlement would extinguish the cause of action and the attorney's lien thereon, and transfer it to the amount agreed upon its settlement, but that if the settlement was fraudulent against the attorney by the parties, his lien on the cause of action survived. But there was no evidence whatever of any fraud by the defendant. The action was on a complaint for money loaned in 1902 (the action being commenced in 1906), and the plaintiff's attorney rested on his own evidence which he claimed showed that the defendant borrowed the money of the plaintiff. He gave no evidence whatever in respect of the settlement. It did not appear when he rested but what the defendant had paid the whole amount sued for to the plaintiff; and it cannot be pretended there was any evidence of fraud.

The evidence of the plaintiff and the defendant, who are brothers, given for the defendant, was that while the money had been loaned, the defendant had afterwards paid it to their brother-in-law on the consent of the plaintiff, and under an arrangement that it was a loan by the plaintiff to the brother-in-law, and that the latter would pay it to the plaintiff. The only dispute between them was over this matter. There is no evidence in the case to support the finding that the settlement of the action was fraudulent as against the plaintiff's attorney, i. e., there is no evidence that instead of settling the case without the payment of anything by the defendant to the plaintiff, the amount sued for, or any amount, was paid, and the fact fraudulently concealed from the attorney.

Finally, there is no evidence in the case to support a finding that the defendant owed the money to the plaintiff when the action was brought. The attorney, having lost his client, testified that when he served the summons and complaint on the defendant he said to him, "Now you know that you borrowed from your brother and he loaned you $500, which is claimed. Now what is the use of your fighting with your brother and incurring expenses?" and that he replied, "Well, I will see about it;" and that afterwards the plaintiff and the defendant came to his office and told him that they were going to settle, and that he said to the defendant, "You know that you owe it." Whether the defendant made any response to this he does not say. The jury were permitted to find that there were admissions by the defendant that he owed the money. They were not admissions. The lack of evidence on the plaintiff's side was not supplied on the defendant's. On the contrary, the testimony for the defendant makes out the defense of payment pleaded in the answer.

The judgment should be reversed.