GOLDSTEIN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

ATTORNEY AND CLIENT (§ 189*)—LIENS—ENFORCEMENT.

Judiciary Law (Consol. Laws 1909, c. 30) § 475, giving an attorney a lien on his client's cause of action, unaffected by any settlement between the parties, does not prevent parties from settling the litigation; and the court, on the petition of the attorney of plaintiff, may not make any order to enforce a lien after a settlement, unless the settlement was in fraud of his rights and his client is not able and willing to pay the reasonable charges.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

Appeal from Special Term, Kings County.

Action by William Goldstein, an infant, by Israel Goldstein, his guardian ad litem, against the Nassau Electric Railroad Company. From an order appointing a referee to take testimony to fix the compensation of the attorney of plaintiff, plaintiff appeals. Reversed, without prejudice.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

D. A. Marsh, of Brooklyn, for appellant.

Jacob W. Hartman, of New York City (Herman Strizver, of New York City, on the brief), for respondent.

RICH, J. This action was brought by an infant, by his guardian ad litem, to recover for personal injuries alleged to have been sustained in consequence of defendant's negligence. The infant became

of age while the action was pending, and thereafter settled with the defendant, and executed and delivered a release from further liability. The settlement was had without the knowledge or consent of plaintiff's attorney, and he thereupon moved for an order appointing a referee to take testimony for the purpose of fixing his compensation. The motion was granted at Special Term, and the proceeding sent to an official referee to take proof and report.

It is contended in support of the order that under the provisions of section 475 of the Judiciary Law (Consol. Laws 1909, c. 30) formerly section 66 of the Code of Civil Procedure, the lien of an attorney upon his client's cause of action may be determined and enforced in a proceeding commenced by the petition of the attorney. There is no allegation in the moving papers of any agreement between the attorney and his client as to compensation, and it must therefore be assumed that the attorney's right to compensation rests upon quantum meruit. Conceding, without determining, the contention of the learned attorney that he has a lien upon his client's cause of action, which may be enforced in this proceeding, I think the order was improperly made. Judge O'Brien said in Poole v. Belcha, 131 N. Y. 203, 30 N. E. 54:

"In order to warrant the court in disregarding a settlement and release made in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney, or at least to his prejudice, by depriving him of his costs or turning him over to an irresponsible client."

The provision of the statute for the protection of an attorney does not prevent parties from settling their differences. If, however, the release given on such a settlement has the effect of defrauding the attorney of his fees, it will be ignored, and the court will protect the attorney's lien. There is nothing shown in the case before us to warrant the belief that the attorney needs any protection. It is not shown that his client is not able and willing to pay his reasonable and proper charges, and in such circumstances he should be left to his action to enforce any claim he may have. We cannot assume that the settlement was in fraud of his rights, and until this is shown the protection of the statute cannot be invoked. Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351.

Order reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to renew, if the respondent is so advised.

JENKS, P. J., and BURR and THOMAS, JJ., concur. CARR, J., concurs in the result.