EFFIE S. SMITH, Appellant, v. JOHN L. YOUNG et al., as Trustees under the Will of WINFRED L. SMITH, Deceased, Respondents.— Appeal by plaintiff from an order denying her motion for an examination before trial. Order affirmed, without costs and without prejudice to any proceeding under section 475 of the Judiciary Law to determine and enforce an attorney's lien, or to any other action or proceeding to enforce the attorney's right to compensation. The action, instituted to recover a balance allegedly due under the terms of her husband's will, was settled by the plaintiff, without her attorney's knowledge, acquiescence or consent, prior to the making of the motion. The examination is sought in the name of the plaintiff, on the attorney's affidavit, to determine the sum due her, so that he may continue the action to judgment and thereby fix the amount of his attorney's lien, which is contingent and is for one third of any recovery by compromise or suit. The court has the power to permit the continuance of the litigation by the attorney in order to enable him to collect his costs and compensation, where the client has attempted to settle or discontinue the action for the purpose of defrauding the attorney. (*Frear* v. *Lewis*, 201 App. Div. 660.) That form of relief, however, is clumsy and illogical and it should rarely, if ever, be permitted. (*Fischer-Hansen* v. *Bklyn. Heights R. R. Co.*, 173 N. Y. 492; *Smith* v. *Acker Process Co.*, 102 App. Div. 170.) The moving affidavit here is entirely barren of any facts showing that the settlement was fraudulent or collusive, or that the client is insolvent, and under such circumstances there is no basis for affording the attorney the relief sought. The fact that the client is not a resident of this State does not leave the attorney

without a remedy in a proceeding to enforce payment of his compensation. (See *McKennell* v. *Payne*, 197 App. Div. 340.) Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur. [See *post*, p. 863.]