EFFIE S. SMITH, Plaintiff, *v.* JOHN L. YOUNG et al., as Trustees under the Will of WINFRED L. SMITH, Deceased, Defendant.

Supreme Court, Trial Term, Kings County, June 10, 1948.

*James I. Cuff* for plaintiff.

*King & Lynch* for defendants.

FROESSEL, J. This action was instituted in 1943 to recover a series of monthly payments aggregating $23,825, claimed to be due the plaintiff, commencing from January 14, 1939, under the provisions of the will of her deceased husband. An answer was interposed by the defendant trustees, verified on January 4, 1944. On February 5, 1944, the plaintiff, without the knowledge of her attorney in this action, executed to the defendants a general release for the consideration of " Ten Dollars and other valuable consideration." Said release contained the following provision: " (Releasor agrees to dismiss suit pending in the Supreme Court of the State of New York, County of Kings, wherein Effie S. Smith is the Plaintiff, and John L. Young and Harold D. Stevenson as Trustees under the Last Will and Testament of Winfred L. Smith, Deceased, are the Defendant)." Thereafter, and pursuant to an order of this court, an amended answer was interposed, verified March 7, 1945, setting forth, among other defenses, the execution and delivery of the said general release by the plaintiff.

Prior to the amendment of the answer, and on the attorney's affidavit though in the name of the plaintiff, a motion was made for an examination of the defendants before trial to determine the sum due plaintiff, so that said attorney may continue the action to judgment and at the same time fix the amount of his attorney's lien. This motion was denied and on appeal was affirmed on June 26, 1944. The order of the Appellate Division was resettled on October 2, 1944, and as resettled affirmed the order appealed from " * * * without costs and without

prejudice to any proceeding under section 475 of the Judiciary Law to determine and enforce an attorney's lien, or to any other action or proceeding to enforce the attorney's right to compensation, and also without prejudice to a renewal of the motion to examine defendants before trial, upon a proper showing of the facts constituting the fraud perpetrated upon the attorney." (268 App. Div. 801, 863, 864.)

Thereafter the said motion for an examination before trial was renewed and granted at Special Term, Queens County, on November 16, 1944, in connection with which order the court wrote the following memorandum: " The instant motion is made pursuant to the resettled order of the Appellate Division, Second Department, dated October 2, 1944, which provided that the affirmance of the denial of the prior application (268 App. Div. 801, 49 N. Y. S., 2d, 571) was to be ' without prejudice to a renewal of the motion to examine the defendants before trial upon a proper showing of the fact constituting the fraud perpetrated upon the attorney.' I am of the opinion that the plaintiff's attorney should under the circumstances presented in this case be permitted to continue the action to judgment in order to fix the amount of his lien, which is contingent and for one-third of any recovery by compromise or suit. The defendants had full knowledge of the terms and character of the retainer and almost from the very beginning discouraged Mr. Cuff's client, a non-resident of this state, from continuing with his services, stating that the plaintiff was very foolish and would have little or nothing left after paying her attorney's fee. The case was settled without his knowledge and to this day he has not been informed by anybody of the amount or terms of the settlement. After nearly two years of work he has been left high and dry under circumstances which indicate that the matter was settled the way it was for that very purpose. The motion is accordingly granted." (N. Y. L. J., Nov. 15, 1944, p. 1306, col. 6.) On November 21, 1944, a notice of appeal was served and filed, but the appeal was abandoned and the examination held.

Thereafter, plaintiff moved for summary judgment, which was denied on March 1, 1945, and affirmed on appeal (273 App. Div. 815). On the court's own motion, the Appellate Division on February 24, 1948 amended its decision to read as follows: (273 App. Div. 868, 869): " Order denying plaintiff's motion for summary judgment and granting defendants' motion for leave to serve an amended answer, affirmed, with $10 costs and disbursements. The decision at Special Term upon the second

motion for an examination before trial established the right of plaintiff's counsel to continue the action. (*Bloch* v. *Bloch,* 131 App. Div. 859, 861.) However, the affidavits present triable issues of fact as to the amount due plaintiff at the commencement of suit and the amount due from plaintiff for rent.''

Thereafter, and on May 10, 1948, this action came on for trial before me. At the commencement of the trial and upon motion of plaintiff's attorney, the first and second separate defenses and the counterclaim were dismissed, and decision reserved on the motion to dismiss the third and fourth separate defenses. The first six paragraphs of the complaint having been admitted, the plaintiff proceeded with proofs in support of the allegations in the remaining paragraphs.

I find that the plaintiff has established that except for the general release pleaded in the answer, there would be due and owing from the defendants to her the sum of $21,090, less the sum of $5,100 which she surrendered for a valuable consideration, for the year ending March 31, 1942, pursuant to the defendants' Exhibit A dated March 26, 1941, thus leaving an unpaid balance of $15,990. I also find that the amounts which defendants claim by way of setoff and counterclaim for the Buick sedan and the rental of the Delaware and Vermont properties may not be claimed in this action, for the reason that the said automobile and the said properties were not owned by the defendant trust estate, but by separate corporations not parties to this action. Nor am I satisfied that the plaintiff ever agreed that she would pay rent that could be set off against payments due her from the trust estate; indeed, the settlement made with the plaintiff does not support this claim.

It is, of course, well settled that as a general rule a party, who has commenced an action, may discontinue as of right and that his reasons for such discontinuance are not ordinarily of concern to the court, but the right is not absolute. (*Andrewes* v. *Haas,* 214 N. Y. 255, 258; *Frear* v. *Lewis,* 201 App. Div. 660, 667; *Citizen's Bank of White Plains* v. *Oglesby,* 270 App. Div. 136.) Moreover, a client may make an honest settlement of his cause of action, before or after judgment, without regard for the wishes of his attorney, but not in disregard of the attorney's lien, and anyone settling with a plaintiff without the knowledge of the latter's attorney does so at his own peril. (*Sargent* v. *McLeod,* 209 N. Y. 360; *Peri* v. *New York Central R. R. Co.,* 152 N. Y. 521, 527.) Section 475 of the Judiciary Law provides that '' the lien cannot be affected by any settlement between the parties before or after judgment ''.

The historical background of an attorney's lien, and 'the remedies for the enforcement thereof, have been sufficiently discussed in the reported cases in this State, and need not be reviewed here. In a learned opinion by the then Presiding Justice of our Appellate Division in the above-cited *Citizen's Bank* case (*supra*), he traced the history of attorney's fees and liens from the common law through the present related statutory provisions, and pointed out that among the several present remedies of an attorney to secure compensation withheld from him is the right to continue the action to judgment to fix and collect the amount of his lien. Indeed, in this present action, our Appellate Division (268 App. Div. 801) again reasserted this right. And though it has been said that this form of relief " is clumsy and illogical ", our courts have held that it may still be resorted to in appropriate cases. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 499; *Citizen's Bank of White Plains* v. *Oglesby, supra*, p. 142; *Smith* v. *Young*, 268 App. Div. 801.)

In the case at bar, the defendants of course knew of the commencement of this action by virtue of having been served with process. Moreover, John L. Young, one of the defendant trustees, testified specifically that he knew of its *pendency* and resented plaintiff's bringing this action. The defendants also knew of it when they accepted plaintiff's general release. The plaintiff executed the release in Florida, where she remained, and although more than four years have elapsed, no payment or provision for payment to her attorney has been made. It is true that the release sought to impose upon the plaintiff the responsibility of dismissing the present action without, however, providing for the payment of her attorney, but the defendants, who were likewise financially and personally interested in the trust estate, may not so easily shift their responsibility. (*Peri* v. *New York Central R. R. Co., supra*.)

When our Appellate Division first affirmed the denial of the motion for examination before trial, it authorized a renewal " upon a proper showing of the facts constituting the fraud perpetrated upon the attorney." (268 App. Div. 863, 864.) Upon the renewal of the motion and the submission of additional facts, Special Term stated that " the plaintiff's attorney should under the circumstances presented in this case be permitted to continue the action to judgment in order to fix the amount of his lien ". Our Appellate Division in affirming the denial of the motion for summary judgment (273 App. Div. 869) held that said Special Term decision " established the right of plain-

tiff's counsel to continue the action. (*Bloch* v. *Bloch*, 131 App. Div. 859, 861.)'', and this is now the law of the case. In the same memorandum opinion, our Appellate Division continued: '' However, the affidavits present triable issues of fact as to the amount due plaintiff at the commencement of suit and the amount due from plaintiff for rent.'' These issues I have now disposed of.

Accordingly, I find:

(1) That a cause of action has been established in favor of the plaintiff in the sum of $15,990, with appropriate interest.

(2) That the plaintiff may not herself enforce said claim by reason of her general release.

(3) That the clandestine settlement made by the defendants, out of a trust estate in which they are personally interested and which in June, 1947, amounted to $400,000, does not impair the lien of the attorney for the plaintiff, which I find in the amount of $5,330, less the sum of $250 heretofore paid, or a balance of $5,080, with appropriate interest.

(4) Execution may issue for the enforcement of the judgment to be entered hereon to the extent of the balance of said lien and interest for the benefit of plaintiff's attorney. (*Peri* v. *New York Central R. R. Co.*, 152 N. Y. 521, *supra; Neier* v. *Droesch Realty Corp.*, 232 App. Div. 534, affd. 257 N. Y. 550.) The defendants, having knowledge of the lien, may not say that they disregarded it and parted with the entire fund. They were bound to retain, and the law conclusively assumes they have retained, sufficient to pay the sum which plaintiff's attorney was entitled to receive. (*Sargent* v. *McLeod*, 209 N. Y. 360, 365, *supra; Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, *supra.* See, also, *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468, 472.)

Settle judgment on notice.