WALTER SAMUELS, Plaintiff *v.* NATHANIEL ADELSTEIN, Defendant.

Supreme Court, Special Term, New York County, May 17, 1949.

*Herman Haimes* for plaintiff.

*I. Eric Leef* for defendant.

MILLER, J. The prosecution of the original action to judgment by the attorney in his own behalf is a remedy not looked upon with favor by the courts, in view of the fact that it authorizes the trial of a dead lawsuit in the interest of one who never owned the claim upon which it was founded (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492; *Smith* v. *Acker Process Co.,* 102 App. Div. 170). In volume 1 of Carmody on New York Pleading and Practice, at page 323, the rule is stated that " This common law remedy for the enforcement of an attorney's lien by a

motion in the action still exists, although not favored by the courts." The case of *Frear* v. *Lewis* (201 App. Div. 660) where the remedy was permitted is not applicable here since the court's opinion indicates that its decision was based upon the special circumstances there present, one of which was the insolvency of the client. No such special circumstances are claimed to exist here and the attorney should therefore be left to his other remedies, viz., a proceeding under section 475 of the Judiciary Law, a suit in equity to foreclose the lien, or an action in *quantum meruit* against the client.

The motion for summary judgment is accordingly denied.