■ SALLY G. LEIMAN, as Executrix of JACOB LEIMAN, Deceased, Respondent, v. ALFRED A. RAPPUHN, Defendant, and HENRY J. RAPPUHN et al., Appellants.—In an action by an executrix to recover the value of the legal services rendered by her testator, an attorney, to the nonappealing defendant Alfred A. Rappuhn, the three remaining defendants appeal from so much of a judgment of the Supreme Court, Queens County, entered December 28, 1962 upon the decision of the court after a nonjury trial, as awarded $4,000 to the plaintiff against them on the first and second causes of action. Judgment modified on the law as follows: (1) By striking from the first decretal paragraph which directs recovery of the $4,000 by plaintiff from the four defendants, the names and addresses of the three appealing defendants, to wit: Henry J. Rappuhn, Charlotte Rappuhn and Rappuhn Realty, Inc.; (2) by adding a decretal paragraph to the effect that in the event the plaintiff shall be unable to collect in full the amount of this judgment from Alfred A. Rappuhn (the nonappealing defendant) upon the issuance of an execution against his property to the Sheriff of the County in which he now resides or in which he last resided in this State, then upon plaintiff's motion made at Special Term on notice to the three remaining defendants or their attorneys and upon proof by the affidavit of plaintiff's attorney: (a) of the return of the execution unsatisfied in whole or in part, and (b) of the fact that plaintiff has not collected the full amount of the judgment from said Alfred A. Rappuhn, the said remaining three defendants (Henry J. Rappuhn, Charlotte Rappuhn and Rappuhn Realty, Inc.) are directed to pay such judgment to the extent that it remains unsatisfied, and judgment is directed to be entered against them in favor of plaintiff accordingly; and (3) by adding a further decretal paragraph permitting any party to apply to Special Term, if necessary, for further relief to effectuate the provisions of this judgment. As so modified, the judgment, insofar as appealed from, is affirmed, with costs to the respondent. The findings of fact of the court below are affirmed. The record does not disclose any disposition by the court of the appellants' motion at the trial for judgment on their cross claim for indemnity against the defendant Alfred A. Rappuhn; nor does it appear of record that he was served with the record on appeal. Accordingly, we do not pass upon such motion or cross claim. Defendants Henry J. Rappuhn,

Charlotte Rappuhn and Alfred A. Rappuhn are siblings, each of whom owned a one-third interest in a building, through the medium of the corporate defendant. In 1956, pursuant to a contingent retainer, the testator on behalf of his client, the defendant Alfred A. Rappuhn, commenced a director's derivative action against the latter's brother and sister (defendants Henry J. Rappuhn and Charlotte Rappuhn) alleging diversion of corporate assets; the brother and sister interposed a counterclaim for $8,400. After the testator's death on June 14, 1959, and on November 19, 1959, the defendant Alfred A. Rappuhn sold his one-third share to the corporation for $12,000. At the time of the sale it was informally agreed not to prosecute further the pending action. The consideration paid for the one-third interest in the real property included settlement of Alfred A. Rappuhn's pending claim and lawsuit against his brother and sister. Hence, such consideration is a fund subject to the attorney's lien for services rendered by the testator, and the three appealing defendants paid all the money over to Alfred A. Rappuhn at their own peril (*Fischer-Hansen* v. *Brooklyn Hgts. R. R. Co.*, 173 N. Y. 492). However, their liability is in the nature of guarantors of collection by the attorney of his claim against his client. It follows, therefore, that they are entitled to insist that the attorney first seek satisfaction from his client of any judgment rendered against them jointly (*Webb* v. *Parker*, 130 App. Div. 92; cf. *Smith* v. *Acker Process Co.*, 102 App. Div. 170, 175). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.